**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 10. 2021

Brian Patrick Reilly, Esq.
Federal Public Defender's Office
22 South Clinton Avenue
Station Plaza – 4th Floor
Trenton, NJ 08609
*Counsel for Defendant*

Jacques Steven Pierre, Esq.
Jihee Gillian Suh, Esq.
Leslie Faye Schwartz, Esq.
Office of the United States Attorney
970 Broad Street,
7th Floor
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:   *United States v. Linda Watkins Brashear*
           **Criminal Action No. 15-00636 (SDW)**

Counsel:

Before this Court is Defendant Linda Watkins Brashear's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 40.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

### A.

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

>(A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Accordingly, under the FSA, "a defendant seeking a [statutorily authorized modification] in his term of imprisonment bears the burden of establishing both that he has satisfied 1) the procedural prerequisites for judicial review, and 2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616 at *2.

First, "a defendant seeking a reduced sentence must ask the BOP to do so on his or her behalf," and either "wait thirty days for the BOP to respond" or "exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Then, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) [("Section 3553")] warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

**B.**

On July 21, 2015, Defendant pleaded guilty to one count of conspiracy to defraud the Newark Watershed Conservation and Development Corporation (the "NWCDC") of honest services (Count 1) in violation of 18 U.S.C. §§ 1343, 1346 and 2, and one count of making and subscribing false tax returns (Count 5) in violation of 26 U.S.C. § 7206(1). (D.E. 1; D.E. 5 at 1.) On September 22, 2017, the Hon. Jose L. Linares (ret.)[2] sentenced Defendant to 102 months of imprisonment and three years of supervised release. (D.E. 19.) Defendant is currently serving her

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] This matter was reassigned to the undersigned on March 11, 2021.

2

sentence at the Alderson Federal Prison Camp ("FPC Alderson") in Alderson, West Virginia. (D.E. 38-2.)

On November 2, 2020, Defendant submitted a request to the BOP for compassionate release. (D.E. 38.) The BOP denied Defendant's request on November 5, 2020. (D.E. 38-2 at 19.) On April 22, 2021, Defendant filed a *pro se* Motion for Compassionate Release with this Court, (D.E. 38), and on August 2, 2021, Defendant filed a counseled supplement in support of her motion. (D.E. 40.)

Defendant moves for compassionate release under the FSA due to: 1) her medical conditions, including obesity and hypertension, which she alleges make her vulnerable to severe COVID-19 complications; 2) the spread of the COVID-19 virus at FPC Alderson; and 3) her rehabilitation efforts. (*See generally* D.E. 38, 40.) Defendant asks that this Court reduce her sentence to time served and extend her period of home confinement.[3] (D.E. 38 at 53–54.) Although Defendant initially declined to be vaccinated, she received her second dose of the Moderna Covid-19 vaccine on May 17, 2021. (D.E. 41 at 5 and Ex. A at 76 of 132; D.E. 40 at 5; D.E. 38 at 50–51.) The Government opposes Defendant's motion, contending that because Defendant has been fully vaccinated, she can no longer present an "extraordinary or compelling reason" necessitating her release. (D.E. 41 at 15–16.)

## C.

Defendant, a 61-year-old woman, contends that her obesity and hypertension make her more vulnerable to becoming seriously ill should she contract COVID-19.[4] According to the Centers for Disease Control and Prevention ("CDC"), people with obesity are at an increased risk of severe illness from COVID-19, and people with hypertension might be at an increased risk of severe illness from COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021). Under these guidelines, obesity is defined as a body mass index ("BMI") of 30 or higher. *Id.*

This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19, but she has not established "compelling and extraordinary reasons" to justify her release. *See Epstein*, 2020 WL 1808616 at *2. Defendant's BMI is between 30 and 31; thus, she is obese, but not severely so. (*See* Gov't Opp. Ex. A at 60 of 132); *see also* CDC, *Defining Adult Obesity*, https://www.cdc.gov/obesity/adult/defining.html (defining "severe" obesity as a BMI of 40 or higher) (last visited Nov. 3, 2021). Furthermore, Defendant's hypertension is currently being treated with medication, and BOP staff indicate that her condition is "well controlled." (*See* Gov't Opp. Ex. A at 80–81 of 132 (indicating that Defendant is currently

---

[3] Although this Court does not have the authority to order such relief, it does have the authority to issue a recommendation to the BOP. *See* 18 U.S.C. § 3621(b)(4) (stating that the BOP may consider "any statement" by the sentencing court "recommending a type of penal or correctional facility"); *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (noting that "district courts [have] the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time").

[4] Defendant also references her age as a concern, (*see* D.E. 38 at 18; D.E. 40 at 1) but does not indicate why her age places her at greater risk of serious illness.

3

taking hydrochlorothiazide to treat her high blood pressure and is compliant with her medication).)[5]

Despite the risk of COVID-19, multiple decisions in the Third Circuit, and multiple decisions in this District, have denied compassionate release to inmates suffering from obesity, hypertension, and/or other health issues. *See, e.g.*, *United States v Kenneth Irving Carter*, Crim. No. 21-1090, 2021 WL 4916189, at *1 (3d Cir. Oct. 21, 2021) (affirming District Court decision to deny motion for compassionate release despite defendant's severe obesity); *United States v. Patricia Fountain*, Crim. No. 21-1313, 2021 WL 4772957, at *1–2 (3d Cir. Oct. 13, 2021) (affirming District Court decision to deny motion for compassionate release despite defendant's "obesity, concerning blood work levels, high serotonin levels, migraines resulting from adrenoleukodystrophy, cognitive decline, anxiety, depression, panic attacks, and post-traumatic stress disorder"); *United States v. Troy Wragg*, Crim. No. 20-3430, 2021 WL 4459455, at *1, *3 (3d Cir. Sept. 29, 2021) (affirming District Court decision to deny motion for compassionate release despite defendant's "obesity, seizure disorder, and hypertension"); *United States v. Edward Hicks*, Crim. No. 20-3512, 2021 WL 4316829, at *1–2 (3d Cir. Sept. 23, 2021) (affirming District Court decision to deny motion for compassionate release despite defendant's "asthma, pre-diabetes, hypertension, and obesity"); *United States v. Tyheed Jefferson*, Crim. No. 21-2020, 2021 WL 4279626, at *1, *3 (3d Cir. Sept. 21, 2021) (affirming District Court decision to deny motion for compassionate release despite defendant's obesity and cryptococcosis); *United States v. Lee*, Crim. No. 13-56, 2021 WL 4077562, at *2–3 (D.N.J. Sept. 8, 2021) (denying motion for compassionate release where defendant suffered from an anxiety disorder and mild hypertension); *United States v. Preschel*, Crim. No. 19-00186, 2021 WL 3930716, at *2, *4 (D.N.J. Sept. 2, 2021) (denying defendant's motion for compassionate release despite suffering from "obstructive sleep apnea, hypertension, diabetes, obesity, depression, and some kind of personality disorder"); *United States v. Germaine H. King*, Crim. No. 18-379, 2021 WL 3783157, at *4, *5 (D.N.J. Aug. 24, 2021) (denying defendant's motion for compassionate release where defendant is suffering from obesity and asthma).[6]

Further, this Court concludes that Defendant's underlying conditions no longer present an extraordinary and compelling reason to grant compassionate release because Defendant was fully vaccinated on May 17, 2021. (*See* D.E. 41 at 5 and Ex. A at 76 of 132; D.E. 40 at 5; D.E. 38

---

[5] Defendant also contends that her rehabilitative efforts entitle her to compassionate release. While commendable, her rehabilitative efforts alone "cannot demonstrate 'extraordinary and compelling reasons' to warrant [her] release." *United States v. James McNair* 481 F.Supp. 3d 362 at 370 (D.N.J. Aug. 2020).

[6] This Court also takes into consideration that with a total population of 660 inmates, FPC Alderson currently has no active COVID-19 cases. *See* https://www.bop.gov/coronavirus/ (last updated Nov. 2, 2021). FPC Alderson's current 0% positivity rate is well under the current rate in West Virginia (9.7%), where FPC Alderson is located, and North Carolina (4.7%), where Defendant wishes to reside in home confinement. *See Tracking Our COVID-19 Response,* https://www.covidexitstrategy.org (providing positivity rates for all states and reporting that both West Virginia and North Carolina are currently "High Transmission States/Territories.") (last updated Nov. 2, 2021). FPC Alderson has also fully vaccinated 70 staff members and 440 inmates. *See* COVID-19 Cases https://www.bop.gov/coronavirus/ (last updated Nov. 2, 2021). Having also reviewed the safety protocols and procedures instituted by the Bureau of Prisons, *see BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (last updated Nov. 25, 2020), this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because she is in custody at FPC Alderson.

at 50–51.) The Moderna vaccine has a 94.1% efficacy rate, which the CDC found to be "highly effective at protecting vaccinated people against asymptomatic and severe COVID-19." *United States v Singh*, 525 F. Supp. 3d 543 at 547–49 (M.D. Pa. 2021) (denying compassionate release to a vaccinated defendant) (internal citations omitted). As a result of Defendant's vaccination, she now has significant protection against serious illness or death should she contract COVID-19. *See Lee*, 2021 WL 4077562 at *2 (denying compassionate release to a defendant who "does not face a significantly increased risk of severe illness" after receiving the first dose of the Moderna vaccine); *Preschel*, 2021 WL 3930716 at *3 (denying compassionate release where the court found that defendant's "'recent vaccination mitigates his risk from COVID-19'"); *United States v. Richard Scalea*, Crim. No. 18-00620, 2021 WL 3667247 at *2 (D.N.J. Aug. 18, 2021) (determining a defendant's preexisting conditions are less likely to cause severe illness as a result of receiving a COVID-19 vaccine); *United States v. Arsenio Arzola*, Crim. No. 06-569-1, 2021 WL 3486898 at *3 (D.N.J. Aug. 9, 2021) (determining that defendant's COVID-19 concerns were not "'compelling and extraordinary'" as a result of receiving the first does of the Moderna vaccine) (internal citation omitted). Accordingly, Defendant has not "provide[d] extraordinary and compelling reasons to grant [her] motion for compassionate release." *Singh*, 525 F. Supp. 3d at 548.

Even if Defendant's medical conditions justified her release, the applicable Section 3553(a) factors weigh strongly against such relief. *See United States v. Rivers*, Crim. No. 17-539, 2021 WL 168516, at *1, *3–4 (D.N.J. Jan. 19, 2021) (determining that, although defendant's obesity and additional health issues presented compelling reasons for release, the sentencing factors weighed against granting his motion). This Court must ensure that should Defendant's sentence be reduced, the reduced sentence still "reflect[s] the seriousness of the offense" and "promote[s] respect for the law." 18 U.S.C. § 3553(a)(2)(A). Here, Defendant knowingly and intentionally schemed to defraud NWCDC of the right to her honest services and of almost $1,000,000 in cash and valuable items over the course of six years. (*See* D.E. 1 at 3–4.) Additionally, she failed to pay taxes on over $850,000.00 for the 2009-2012 tax years. (*Id*. at 10.) Reducing her sentence would not promote respect for the law, reflect the seriousness of Defendant's conduct, or deter others from engaging in comparable criminal activity. Further, Defendant has served less than half of her 102-month sentence and releasing her now would create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing").[7]

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

---

[7] Considering Defendant's cooperation with the Government's investigation, former District Court Judge Jose L. Linares sentenced Defendant to 102 months' imprisonment, although her exposure under the Sentencing Guidelines was between 168 – 210 months. (D.E. 29 at 64–65.) Because Defendant has already received a substantial reduction in her sentence, it would be inappropriate to further reduce her term of imprisonment.

5

Orig: Clerk
cc: Parties